# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANYEL CASALS DIAZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-02071-JLT-EPG-HC<br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING<br>(ECF Nos. 1, 7) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus on the construed claim challenging the statutory authority for Petitioner's detention, denying Respondents' motion to dismiss, and directing Respondents to provide bond hearing.

## I.

## BACKGROUND

Petitioner is a citizen of Cuba who entered the United States without inspection on or about April 5, 2023,[1] and was not apprehended at the time of entry. (ECF No. 1 at 20, 71.[2]) On August 9, 2024, Petitioner filed a Form I-589 application for asylum. (Id. at 88, 100–02.) On

[1] The petition alleges that Petitioner entered the United States on or about September 10, 2023, but the immigration judge's removal order found that Petitioner "entered the United States at an unknown location on or about April 5, 2023." (ECF No. 1 at 20, 71.)

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

May 19, 2025, Petitioner was arrested for driving with a suspended license and other vehicular-related infractions. An immigration detainer was issued, and on May 20, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1 at 88–89.) Prior to his detention, Petitioner worked and supported himself and had a work permit. (Id. at 20, 98–99.) Petitioner is currently detained at the California City Detention Facility. (Id. at 20.)

On December 8, 2025, an immigration judge ("IJ") ordered that Petitioner receive a custody redetermination hearing. (ECF No. 7-1.) On December 12, 2025, the IJ conducted a Rodriguez bond hearing[3] and denied bond due to danger and flight risk. (ECF No. 7-2.) On February 3, 2026, an IJ denied Petitioner's application for asylum and ordered Petitioner removed to Ecuador pursuant to applicable third-country removal procedures. (ECF No. 1 at 69–73.) Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") on February 16, 2026, and that appeal remains pending. (ECF No. 1 at 83; ECF No. 7 at 2.)

On March 16, 2026, Petitioner filed the instant petition for writ of habeas corpus in which Petitioner challenges his prolonged detention on procedural and substantive due process grounds. (ECF No. 1 at 6–7.) The Court construed the petition "as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF No. 5 at 1.) On April 2, 2026, Respondents filed a motion to dismiss, and Petitioner filed an opposition on April 20, 2026. (ECF Nos. 7, 10.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

Respondents assert that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 7 at 1.) "The various legal

---

[3] Named after the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a *Rodriguez* bond hearing is a periodic custody redetermination proceeding—required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community. Monsalve v. Semaia, No. 5:26-CV-00463-SVW-ACCV, 2026 WL 1625352, at *1 n.1 (C.D. Cal. June 1, 2026).

arguments relied upon by Respondents to support this assertion [that Petitioner's detention is mandatory under 1225(b) while his removal proceedings are pending] have been rejected by this Court in other proceedings." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *9 (E.D. Cal. Dec. 9, 2025). See Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (noting that "[h]ere in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission,'" recognizing "[o]ther district courts have also reached the result that Section 1226(a), not Section 1225(b)(2), provides the appropriate framework for noncitizens already residing in the United States," and collecting cases).

This Court will follow the majority approach in finding that "Respondents' proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826, at *5 (E.D. Cal. Nov. 12, 2025).

Based on the foregoing, the undersigned recommends finding that Petitioner is not detained pursuant to 8 U.S.C. § 1225(b), and thus, Petitioner is entitled to habeas relief on the construed claim challenging the statutory authority of Petitioner's detention.[4]

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed claim challenging the statutory authority of Petitioner's detention;
2. Respondents' motion to dismiss (ECF No. 7) be DENIED;
3. Respondents be enjoined and restrained from continuing to detain Petitioner pursuant to 8

[4] In light of this conclusion and given that Petitioner has already received a Rodriguez bond hearing, the Court declines to address Petitioner's prolonged detention due process claim.

U.S.C. § 1225(b); and

4. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 23, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE