**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYNEL CASALS DIAZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | Case No. 1:26-cv-02071 JLT EPG<br>A-Number: 242-353-788<br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PETITION OF WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br>(Doc. 10) |

Raynel Casals Diaz is an immigration detainee proceeding with a petition for writ of habeas corpus to 28 U.S.C. § 2241. (Doc. 1.) Respondent opposed the petition, asserting that Petitioner was not entitled to relief because he was subject to mandatory detention and had a prior bond hearing. (Doc. 7 at 1-2.)

The magistrate judge rejected Respondent's position that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) as an "applicant for admission," noting Petitioner entered the United States without inspection in April 2023, and later filed a Form I-589 for asylum. (Doc. 13 at 1.) The magistrate judge found that as a result, Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a). (*Id*. at 2-3.) Upon identifying this detention authority, the magistrate judge found "Petitioner is entitled to habeas relief on the construed claim challenging the statutory authority of Petitioner's detention" and recommended the Court order

that he receive a bond hearing. (*Id.*) The magistrate judge indicated, "In light of this conclusion and given that Petitioner has already received a *Rodriguez* bond hearing, the Court declines to address Petitioner's prolonged detention due process claim." (*Id.* at 3, n.4.)

Respondents filed objections to the Findings and Recommendations, maintaining that Petitioner "remains an applicant for admission subject to mandatory detention during the pendency of his removal proceedings." (Doc. 14 at 1.) However, while this petition was pending, the Ninth Circuit rejected the same argument offered by Respondents and held that individuals such as Petitioner are not subject to mandatory detention under Section 1225(b). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. July 30, 2026). The magistrate judge's finding related to the detention authority is supported by proper analysis and the subsequent decision in *Rodriguez Vazquez.*

Importantly, however, it appears the magistrate judge prematurely ended the analysis. As the magistrate judge acknowledged, the record shows that an immigration judge ordered that Petitioner receive a custody redetermination hearing. (Doc. 13 at 2, citing Doc. 7-1.) An IJ conducted a *Rodriguez* bond hearing[1] on December 12, 2025, and he was "denied bond due to danger and flight risk." (*Id.*, citing Doc. 7-2; *see also* Doc. 1 at 61.) With this bond hearing, Petitioner received the hearing he was due under Section 1226(a), despite the government's erroneous position regarding his detention authority. Thus, the Court considers whether Petitioner is now entitled to an additional bond hearing.[2]

The Ninth Circuit considered whether an individual detained under Section 1226(a) should receive an additional bond hearing to receive due process by applying the test identified by the

[1] A *Rodriguez* bond hearing is a bond hearing mandated only by the Central District of California, which requires a bond hearing every six months for those detained in the district under §§ 1226(a), 1226(b) and 1226(c). *See Gonzalez v. Adelanto ICE Processing*, 2026 WL 2584716, at *3 (C.D. Cal. Aug. 31, 2026) (citing *Rodriguez v. Robbins*, 804 F.3d 1060, 1067 (9th Cir. 2015)). Such bond hearings are intended to ensure noncitizens receive due process, consistent with the relief granted by the Ninth Circuit in *Rodriguez*. *See id.* At a *Rodriguez* bond hearing, "the government bears the burden of establishing he is a flight risk or a danger to the community by clear and convincing evidence." *Marquez v. Mullin*, 2026 WL 1836005, at *4 (C.D. Cal. June 22, 2026); *see also Ramanchyk v. Lyons*, 2026 WL 2058431, at *5 (C.D. Cal. July 14, 2026) (identifying the burden as placed on the government at a *Rodriguez* bond hearing).

[2] This analysis also resolves Petitioner's prolonged detention due process claim that the magistrate judge declined to address. *See Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Supreme Court in *Mathews v. Eldridge*, 424 U.S. 391 (1976). Under *Mathews*, the Court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Rodriguez Diaz*, 53 F.4th at 1207 (quoting *Mathews*, 424 U.S. at 335) (emphasis omitted). Notably, Petitioner's circumstances are similar to the circumstances considered by the Ninth Circuit in *Rodriguez Diaz*.

As to the first factor, the Court will presume—without deciding—that Petitioner's "detention qualifies as 'prolonged' in a general sense," because it has been about 10 months since the identified bond hearing in December 2025. *See Rodriguez Diaz*, 53 F.4th at 1207 (addressing the detention period of fourteen months after a bond hearing). Although Petitioner has "a legitimate and reasonably strong private liberty interest," the interest is diminished by the fact that he is subject to an order of removal," as in *Rodriguez Diaz*. *See id.* at 1208 (*see also* Doc. 1 at 69-73 [IJ order denying asylum and ordering removal]). On the other hand, the Government has a interest in keeping a citizen detained during removal proceedings "to increase the chance that, if ordered removed, the aliens will be successfully removed" and "in preventing aliens from remaining in the United States in violation of our law." *Id.* (cleaned up). The Ninth Circuit explained that the Government interests "only increase with the passage of time." *Id.* at 1209. Moreover, as the Ninth Circuit determined in *Rodriguez Diaz* in evaluating the second factor, because Petitioner received a bond hearing with an individualized custody determination and had the right to request a new hearing based upon any material change in circumstances, "the existing agency procedures sufficiently protected [his] liberty interest and mitigated the risk of erroneous deprivation." *See id.* Consistent with the analysis in *Rodriguez Diaz*, the Court finds the *Mathews* factors weigh against Petitioner receiving an additional bond hearing at this time.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 13) are **ADOPTED IN PART**.

2. Respondents' motion to dismiss (Doc. 7) is **DENIED**.

3. The petition is **GRANTED** as to the construed claim challenging the statutory authority of Petitioner's detention, as the Court finds the governing detention authority is Section 1226(a).

4. Petitioner's request for habeas relief, in the form of an additional bond hearing, (Doc. 1 at 7) is **DENIED** without prejudice.

5. The Clerk of Court is directed to terminate pending matters as moot and close this case.

IT IS SO ORDERED.

Dated: _October 19, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE